

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-88,493-02

**EX PARTE FEANYICHI EZEKWESI UVUKANSI, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1353181-A IN THE 174TH DISTRICT COURT
FROM HARRIS COUNTY**

*Per curiam*.

**O R D E R**

Applicant was convicted of capital murder and sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. *Uvukansi v. State*, No. 01-14-00527-CR (Tex. App.—Houston [1st Dist.] June 2, 2016) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective. The trial court adopted, in part, the State's proposed findings of fact and conclusions of law and recommended that we deny relief. After we received this application, we received a motion that Kim Ogg, the Harris County District Attorney, filed in the trial court. In her motion, she requested that the District

Attorney's Office be recused and that an attorney *pro tem* be appointed. Nothing in the record indicates that the trial court ruled on her motion. Before disposing of this application, we believe that the trial court should rule on Ogg's motion. Accordingly, this application is remanded to the trial court. If the trial court grants Ogg's motion, the District Attorney's Office is disqualified, and an attorney *pro tem* is appointed, the trial court shall make further findings of fact and conclusions of law and determine whether trial counsel was ineffective. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

Within ninety days from the date of this order, the trial court shall rule on Ogg's motion and make further findings of fact and conclusions of law, if it grants Ogg's motion. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 23, 2020
Do not publish